UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JASON PAUL GARY,                )
                                )
        Plaintiff,               )
                                )
        v.                       )  No. 4:06CV00873-AGF
                                )
STATE OF MISSOURI, et al.,       )
                                )
        Defendants.              )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Jason Paul Gary (registration no. 1121991) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on June 5, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $31.25, and an average monthly account balance of $.40. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.25, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, an inmate at the Tipton Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants State of Missouri, Missouri Department of Corrections, and Unknown Ireland (correctional officer). Plaintiff alleges that, while he was confined at the Eastern Reception and Diagnostic Correctional Center, defendant Ireland "caught [him] and Donald Gordon in horse play" and "recommended write ups or extra duties." Plaintiff states that he chose extra duties, but "against policy," defendant Ireland "has [plaintiff] on 40 hrs. duties," whereas policy only allows sixteen hours. Plaintiff alleges that Ireland "has [him] . . . on hands & knees scrubbing the floors and joking with other offenders [while plaintiff is] scrubbing the floors. Making bets with offenders." Last, plaintiff claims that Ireland said that "if he took us to the [hole] he wouldn't write it . . . up till Friday, even though it happen[ed] Wednesday."

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous. Plaintiff's assertion that defendant Ireland failed to follow Missouri and/or prison regulations does not amount to a § 1983 claim. See Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983). In addition, plaintiff's allegations do not implicate constitutionally protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Moreover, the allegations do not indicate that plaintiff has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest.

Defendant Ireland's alleged threat to put plaintiff in the hole does not rise to the level of a constitutional violation. See Burton v. Livingston, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally protected right; "rough language" resulting only

3

in hurt feelings not actionable under § 1983); Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats usually are not actionable under § 1983).

Last, plaintiff has failed to assert any allegations against the State of Missouri or the Missouri Department of Corrections.[1]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.25 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[1] The Court notes that suit against the Missouri Department of Corrections is barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, the State of Missouri is not a "person" for purposes of a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 5th Day of September, 2006.

_____
 **E. RICHARD WEBBER**
 **UNITED STATES DISTRICT JUDGE**